## GEORGE C. ZEIGLER AND JOHN D. REINWALT

### v.

## THE STATE OF ILLINOIS.

*Opinion filed December 12, 1890.*

WATERS—*parties damaged by the removal of a State dam in river not entitled to damages from State.* Where the law authorizing public improvements provides that the State may abandon them at any time when it may seem expedient, parties who have availed themselves of the water privileges to erect and operate a mill must take notice from the law of the State, that said improvement is liable to be abandoned at any time by the State, and are not entitled to damages in case it is discontinued.

Claimants filed their petition in the office of the Auditor of Public Accounts of the State of Illinois, July 25, 1889, and due notice was given the Attorney General and his answer thereto on behalf of the State of Illinois, was filed August 4, 1890.

Petitioners in substance complain that the State of Illinois had constructed a dam across the Little Wabash river at New Haven in Gallatin county in said State, thereby furnishing slack water navigation the year around between New Haven aforesaid and Carmi in White county in said State. That after the construction of said dam said petitioners became the owners of and constructed a mill for the manufacture of lumber and timber on the bank of the river at the said city of Carmi and that said mill with its appurtenances was of the value of $10,000 and that they depended upon the slack water navigation which said river afforded to supply their said mill with timber for manufacturing purposes. That they owned large and valuable amounts of timber situated so as to be suitable and convenient for transportation to their said mill by way of the river aforesaid.

That after said petitioners had made their said improvements and had purchased timber for the use of said mill and while the same was in operation and while

said petitioners were deriving large profits therefrom
the State of Illinois by an act of its Legislature which
became a law July 1, A. D. 1887, authorized the removal
of the said dam at New Haven and that the same pur-
suant to said act was removed on the 15th day of July,
A. D. 1887, and that in consequence the water in said
river receded until it became so low that it was im-
possible to float their logs in said river or to handle them
at their said mill and that petitioners for that reason
could not supply said mill with logs and the logs there-
tofore banked on said stream were damaged from decay
and depreciated in value so that said petitioners, suf-
fered, in the aggregate a loss of $10,500. Said petition
was duly verified and proof taken and filed in support
thereof according to law.

We have considered the testimony and find that it
tends to support the allegations in the petition but do
not find that it differs in principle from the case of
Beidleman, Varnell & Tate v. The State of Illinois here-
tofore considered and passed upon at this session.

Petitioners have not cited any authority nor pro-
duced any argument from which we are led to conclude
that there is any liability on the part of the State to
said petitioners on account of the premises.

It does not appear to us that there were any con-
tractual relations existing between the petitioners and
the State on account of the improvement of said river
by the construction of the dam at New Haven. We do
not see wherein the discontinuance of said dam differs
in principle from the removal of a county or state capital
which often reduces largely the value of the real estate
of the place from whence it was removed. In neither
of these cases can the parties whose interests would be
injuriously affected, enjoin the act or claim compensa-
tion from the public.

> Cooley's Constitutional Limitations—4th Edi-
> tion, p. 481.

The petitioners here like those in the case before re-
ferred to, were bound to take notice from the law of the

State, that said improvement was liable to be abandoned at any time by the State.

This claim for the reasons aforesaid is rejected and no award will be made.